# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEITH DAUGHTERY, individually and on behalf of all others similarly situated, )<br><br>Plaintiff, )<br><br>v. )<br><br>METHOD PRODUCTS, PBC, a Delaware public benefit corporation, and PEOPLE AGAINST DIRTY, PBC, a Delaware public benefit corporation, )<br><br>Defendants. ) | Civil Action No. 1:16-cv-1226 MAD/DJS)<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Keith Daughtery ("Plaintiff") by and through his attorneys, makes the following allegations pursuant to the investigation of his counsel and based upon information and belief, except as to the allegations specifically pertaining to himself, which are based on his personal knowledge:

## NATURE OF THE ACTION

1.     This is a class action brought against Method Products, PBC ("Method") and People Against Dirty, PBC ("People Against Dirty" and, collectively with Method, "Defendants") for deceptive, false, and misleading practices regarding the marketing and sale of their cleaning and personal care products.

2.     Defendants manufacture, distribute, market, advertise, and sell laundry supplies, cleaning products, and personal care products throughout the country.  Defendants' marketing strategy is focused on using purportedly "Natural" and/or "Naturally Derived" ingredients.

3.     Defendants have represented that the following cleaning products are "Natural" and/or "Naturally Derived:" Method Naturally Derived Gel Hand Wash, Method Naturally

1

Derived Foaming Hand Wash, Method Natural Daily Shower Cleaner, Method Natural All-Purpose Surface Cleaner, Method Naturally Derived Smarty Dish Plus Dishwasher Soap and Dishwasher Tabs, Method Naturally Derived Antibacterial Toilet Bowl Cleaner, Method Natural Glass + Surface Cleaner, Method Naturally Derived Foaming Bathroom Cleaner, Method Naturally Derived 4x Concentrated Laundry Detergent, Method Naturally Derived Dish + Hand Soap, Method Natural Power Foam Dish Soap, Method Natural Pure Naked Moisturizing Body Wash, Method Naturally Derived Nourishing Hand Wash, Method Natural Gel and Foaming Body Wash, Method Naturally Derived Body Wash, Method Natural Dish Pump, and Method Fabric Softener (collectively, the "Products").

4.     However, these claims are deceptive, false, and misleading because the Products are not "Natural" and/or "Naturally Derived," but instead contain unnatural ingredients that are artificial, synthetic, and/or highly processed.

5.     Through this deceptive, false, and misleading advertising campaign, Defendants were able to charge a price premium for the Products by deceiving consumers about the true attributes of their Products and distinguishing the Products from similar products on the market that do not claim to be "Natural" and/or "Naturally Derived."

6.     Plaintiff seeks damages and equitable relief in this action individually and on a class-wide basis for violations of New York General Business Law §§ 349 and 350, and for unjust enrichment.  Plaintiff is also seeking injunctive relief in the form of an Order requiring that Defendants be prohibited from advertising or selling the Products as being "Natural" and/or "Naturally Derived," presently and in the future, as long as the Products contain artificial, synthetic, and/or highly processed ingredients.

## PARTIES

7.     Plaintiff Keith Daughtery is a resident of Kingston, New York.   For approximately the last three years, Plaintiff has been purchasing the Products.  Specifically, Plaintiff has purchased the Method Naturally Derived Foaming Hand Wash, Method Natural All-Purpose Surface Cleaning Spray, and Method Naturally Derived 4X Concentrated Laundry Detergent.  Plaintiff purchased the Products from his local Target in Kingston, New York for his personal use.   In purchasing the Products, Plaintiff read and relied on the prominent representation on the front of the Products' label that the Product was comprised of "Natural" and/or "Naturally Derived" ingredients.  He reasonably understood these representations to mean that the Products contained only natural ingredients.   Plaintiff would not have purchased Defendants' Products or would not have paid as much for the Products, had he known that the Products were not "Natural" and/or "Naturally Derived," but in fact contain artificial, synthetic, and/or highly processed ingredients.  Plaintiff suffered an injury in fact and lost money as a result of the Defendants' deceptive, false and misleading practices, as described further herein.

8.     Defendant, Method Products, is a public benefit corporation incorporated under the laws of the State of Delaware, with its principal place of business located in the State of California at 637 Commercial Street, Suite 300, San Francisco, California 94111.

9.     Defendant, People Against Dirty, is a corporation incorporated under the laws of the State of Delaware, with its principal place of business located in the State of California at 637 Commercial Street, Suite 300, San Francisco, California 94111.   Defendant manufactures, markets, distributes, and sells the Products through retailers nationwide and directly to consumers throughout the United States.

**JURISDICTION AND VENUE**

10.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 Class members, the aggregate amount in controversy exceeds $5,000,000, exclusive of interest, fees, and costs, and at least one Class member is a citizen of a state different from at least one Defendant.

11.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events and/or omissions giving rise to Plaintiff's claims occurred in this District as Defendants do business throughout this District, including selling and distributing the Products at issue in this District, and Plaintiff purchased the Products in this District.

**FACTUAL ALLEGATIONS**

A.     **Defendants Represent That the Products are "Natural" and/or "Naturally Derived"**

12.     Defendants manufacture, distribute, market, advertise, and sell the Products throughout the country.

13.     Through an extensive, nationwide marketing and advertising campaign, Defendants have conveyed the message that the Products are "Natural" and/or "Naturally Derived."  The "Natural" and/or "Naturally Derived" representations prominently appear on the front of the Product packaging.  Three examples of the Product labeling are as follows:







    14.    As a result, all consumers who purchased the Products were exposed to the same "Natural" and/or "Naturally Derived" misrepresentations.

    15.    While Defendants label and advertise the Products as "Natural" and/or "Naturally Derived," these representations are deceptive, false, and misleading because the Products contain

unnatural ingredients that are artificial, synthetic, and/or highly processed.  The presence of such ingredients in the Products causes the Products to not be "Natural" and/or "Naturally Derived."

16.     Defendants were able to charge a premium for the Products and differentiate themselves from competing products in part by promising that the Products were "Natural" and/or "Naturally Derived."   The profits and revenue of the Products were obtained through misrepresentation and deception from the Defendants.

**B.     <u>The Products Are Not "Natural" and/or "Naturally Derived"</u>**

17.     Despite Defendants' representations that the Products are "Natural" and/or "Naturally Derived," the Products actually contain unnatural ingredients that are artificial, synthetic, and/or highly processed.

18.     According to the Merriam-Webster Dictionary, "natural" is defined as "not having extra substances or chemical[s]" and "not made or caused by people."[1]

19.     To the contrary, "synthetic" is defined as "relating to, or produced by chemical or biochemical synthesis; produced artificially."[2]   Moreover, "artificial" is defined as "not happening or existing naturally," "created or caused by people," and "made, produced, or done to seem like something natural."[3]

20.     Accordingly, reasonable consumers do not equate the term "Natural" and "Naturally Derived" with unnatural, artificial or synthetic ingredients.

21.      Each of the Products includes one or more of the following unnatural ingredients:

a)  Allatoin[4]

b)  Benzisothiazolinone[5]

---

[1] *See* http://www.merriam-webster.com/dictionary/natural (last accessed 09/19/2016).
[2] *See* http://www.merriam-webster.com/dictionary/synthetic (last accessed 09/19/2016).
[3] See http://www.merriam-webster.com/dictionary/artificial (last accessed 09/22/2016).
[4] This ingredient is made from synthetic material, as admitted by defendant on its website. *See* http://methodhome.com/products/nourishing-hand-wash-olive-leaf-2/ (last accessed 09/19/2016).

c) Benzyl Alcohol[6]

d) Butylene Glycol[7]

e) Caprylhydroxamic acid and caprylyl glycol[8]

f) Colorant[9]

g) Citric Acid[10]

h) Cocamide MIPA[11]

i) Dicocoylethyl hydroxyethylmonium methosulfate and propylene glycol optical[12]

j) Distyrylbiphenolsulfonate[13]

k) Ethanol[14]

l) Ethyl glycerin acetal levulinate and ethyl levulinate propylene glycol ketal[15]

m) Fragrance[16]

---

[5] Benzisothiazolinone is used in cosmetic items as a preservative. It is used on an industrial level as a biocide on buildings (to kill fungus on roofs and buildings) as well as a preservative in paints and cleaning products. *See* http://chemicaloftheday.squarespace.com/todays-chemical/2014/8/5/benzisothiazolinone.html (last accessed 09/19/2016).

[6] Benzyl alcohol is a synthetic ingredient used as solvent and preservative and has been associated with contact allergy. *See* https://www.ewg.org/skindeep/ingredient/700697/BENZYL_ALCOHOL/ *(*last accessed 09/19/2016).

[7] This ingredient is made from synthetic material, as admitted by defendant on its website. *See* http://methodhome.com/products/nourishing-hand-wash-coconut-milk/ (last accessed 09/19/2016).

[8] This ingredient is made from synthetic material, as admitted by defendant on its website. *See* http://methodhome.com/products/gel-body-wash/ (last accessed 09/19/2016).

[9] This ingredient is made from synthetic material, as admitted by defendant on its. *See* http://methodhome.com/products/dailyshower-cleaner-ylang-ylang/ (last accessed 09/19/2016).

[10] Citric acid is an alpha hydroxy acid often used in personal care products. *See* https://www.ewg.org/skindeep/ingredient/701385/CITRIC_ACID/# (last accessed 09/19/2016). It is made synthetically by the fermentation of glucose.

[11] This ingredient is made from synthetic material, as admitted by defendant on its website. *See* http://methodhome.com/products/pure-naked-body-wash-white-tea/ (last accessed 09/19/2016).

[12] This ingredient is made from synthetic material, as admitted by defendant on its website. *See* http://methodhome.com/products/fabric-softener-45-spring-garden/(last accessed 09/19/2016).

[13] Disodium Diaminostilbene Disulfonate is an optical brightener and a synthetic chemical.

[14] Ethanol is used as a solvent and preservative. *See* https://pubchem.ncbi.nlm.nih.gov/compound/ethanol (last accessed 09/19/2016).

[15] This chemical has been named an "unacceptable" cleaning agent on the Whole Foods Eco-Scale. *See* http://www.wholefoodsmarket.com/mission-values/environmental-stewardship/eco-scale/unacceptable-ingredients (last accessed 09/19/2016).

n) Fructose[17]

o) Glycerin[18]

p) Glycol[19]

q) Coco-glucoside[20]

r) Lactic acid[21]

s) Maltose[22]

t) Methylisothiazolinone[23]

u) Methylchoroisothiazolinone[24]

---

[16] Fragrance has been reported to be toxic and a "human carcinogen. *See* http://www.ewg.org/enviroblog/2014/08/expert-panel-confirms-fragrance-ingredient-can-cause-cancer (last accessed 09/19/2016).

[17] Fructose has been labeled by the FDA as an artificial additive. *See* https://consumerist.com/2010/04/05/is-high-fructose-corn-syrup-considered-a-natural-ingredient/ (last accessed 09/19/2016).

[18] Glycerin—produced by hydrolysis of fats and oils was added to section 205.605(b) of the USDA Organic 25 Program's (NOP) National List as a synthetic nonagricultural (nonorganic) substance allowed as an 26 ingredient in or on processed products labeled as "organic" or "made with organic (specified ingredients 27 or food group(s))." *See* http://www.ams.usda.gov/sites/default/files/media/Glycerin%20Petition%20to%20remove%20TR%202013.pdf (last accessed 09/19/2016).

[19] A colorless, odorless, viscous dihydroxy alcohol. It has a sweet taste, but is poisonous if ingested. Ethylene glycol is manufactured on a large scale in the United States. It is used as an antifreeze and coolant, in hydraulic fluids, and in the manufacture of low-freezing dynamites and resins. *See* https://pubchem.ncbi.nlm.nih.gov/compound/ethylene_glycol (last accessed 09/19/2016).

[20] Coco-Glucoside is a synthetic surfactant produced by chemical reaction between glucose and coconut oil-derived ingredients. *See* https://www.ewg.org/skindeep/ingredient/701535/COCO-GLUCOSIDE/ (last accessed 09/19/2016).

[21] Lactic acid is a popular alpha hydroxy acid. *See* http://www.annmariegianni.com/ingredient-watch-list-lactic-acid-the-exfoliator-that-could-lead-to-lasting-sun-damage/ (last accessed 09/19/2016).

[22] Maltose is uncommon in nature, it can be formed through the breakdown of starch by the enzymes of the mouth. *See* http://www.newworldencyclopedia.org/entry/Maltose (last accessed 09/19/2016).

[23] Methylisothiazolinone is a widely-used preservative that has been associated with allergic reactions. Lab studies on the brain cells of mammals also suggest that methylisothiazolinone may be neurotoxic. *See* https://www.ewg.org/skindeep/ingredient/703935/METHYLISOTHIAZOLINONE/ (last accessed 09/19/2016).

[24] Methylchloroisothiazolinone is a widely-used preservative that has been associated with allergic reactions. *See*

v)  Monoisopropylanolamine[25]

w)  Phenoxyethanol[26]

x)  Pentylene glycol[27]

y)  Polyester[28]

z)  Potassium citrate and hydroxide[29]

aa) PPG-2 methyl ether[30]

bb) Propanediol[31]

cc) Sodium citrate[32]

dd) Sodium gluconate[33]

ee) Sodium PCA[34]

---

https://www.ewg.org/skindeep/ingredient/703924/METHYLCHLOROISOTHIAZOLINONE/ (last accessed 09/19/2016).

[25] A colorless liquid with a slight ammonia-like odor that is corrosive to metals and tissue. *See* https://cameochemicals.noaa.gov/chemical/8864 (last accessed 09/19/2016).

[26] Phenoxyethanol is a preservative that is primarily used in cosmetics and medications. It also can depress the central nervous system and may cause vomiting and diarrhea, which can lead to dehydration in infants. *See* http://www.fda.gov/NewsEvents/Newsroom/PressAnnouncements/2008/ucm116900.htm (last accessed 09/19/2016).

[27] Pentylene Glycol is synthetic humectant used in cosmetics and beauty products that is also secondarily used as a solvent and preservative. It is both water and oil-soluble and can have moisture-binding and antimicrobial properties *See* https://www.truthinaging.com/ingredients/pentylene-glycol (last accessed 09/19/2016).

[28] Polyester is a synthetic fiber derived from coal, air, water, and petroleum. Developed in a 20th-century laboratory, polyester fibers are formed from a chemical reaction between an acid and alcohol. In this reaction, two or more molecules combine to make a large molecule whose structure repeats throughout its length. *See* http://www.encyclopedia.com/topic/polyester.aspx (last accessed 09/19/2016).

[29] Potassium Citrate used as an additive is not natural. *See* https://www.kcet.org/food/how-natural-are-the-natural-foods-you-eat (last accessed 09/19/2016).

[30] This is a chemical ingredient used in cleansing and other products. *See* http://www.cosmeticsinfo.org/ingredient/ppg-2-methyl-ether (last accessed 09/19/2016).

[31] Propylene glycol, also known as 1,2-propanediol, is a synthetic (i.e., man-made) organic alcohol that attracts/absorbs water. *See* http://www.cosmeticsinfo.org/ingredient/propylene-glycol (last accessed 09/19/2016).

[32] Sodium Citrate is a synthetic ingredient. *See* 7 C.F.R. §205.605(b)

[33] Sodium gluconate is the sodium salt of gluconic acid, produced by fermentation of glucose. *See* http://www.jungbunzlauer.com/en/products/gluconates/sodium-gluconate.html (last accessed 09/19/2016).

ff) Poloxamer 181[35]

gg) Tetra-acetyl ethylene diamine[36]

hh) Tocopheryl acetate[37]

ii) Trehalose[38]

jj) Urea[39]

22.     While Defendants label and advertise the Products as "Natural" and/or "Naturally Derived," these representations are deceptive, false, and misleading because the Products contain unnatural ingredients that are artificial, synthetic, and/or highly processed.   Each Product contains the following artificial, synthetic, and/or highly processed ingredients:

a)   <u>Method Naturally Derived Gel Hand Wash:</u>

citric acid, colorant, fragrance, glycerin, methylisothiazolinone,

methylchoroisothiazolinone, propanediol, sodium citrate, and tocopheryl acetate.

b)   <u>Method Naturally, Derived Foaming Hand Wash:</u>

citric acid, glycerin, colorant, fragrance, methylisothiazolinone,

methylchoroisothiazolinone, sodium citrate, and tocopheryl acetate.

c)   <u>Method Natural Daily Shower Cleaner:</u>

benzisothiazolinone, fragrance, lactic acid, and potassium citrate.

---

[34] Sodium PCA is considered to be a synthetic chemical. It is used as a humectant and skin conditioner in cosmetic formulas. *See* http://chemicaloftheday.squarespace.com/todays-chemical/2011/12/14/sodium-pca.html (last accessed 09/19/2016).
[35] This ingredient is made from synthetic material, as admitted by defendant on its website. *See* http://methodhome.com/beyond-the-bottle/ingredients/ (last accessed 10/7/2016).
[36] TAED is a bleach activator, allowing hydrogen peroxide to act as a bleaching agent in water at temperatures less than 60° C, and in less alkaline water. *See* http://sci-toys.com/ingredients/taed.html (last accessed 09/19/2016).
[37] *See* 21 C.F.R. §180.910.
[38] Trehalose is a sugar made from GMO corn using gasoline and hexane. *See* http://www.institutefornaturalhealing.com/2014/10/this-hidden-ingredient-makes-fast-food-even-more-dangerous/ (last accessed 09/19/2016).
[39] Synthetic Urea is made from ammonia and carbon dioxide, fed into a reactor at high pressure and temperature.

d)  <u>Method Natural All-Purpose Surface Cleaner:</u>

citric acid, colorant, fragrance, potassium citrate, potassium hydroxide, and sodium gluconate.

e)  <u>Method Naturally Derived Smarty Dish Plus Dishwasher Soap and Dishwasher Tabs:</u>

fragrance, poloxamer 181, sodium citrate, sodium gluconate, and tetra-acetyl ethylene diamine.

f)  <u>Method Naturally Dervied Antibacterial Toliet Bowl Cleaner:</u>

citric acid.

g)  <u>Method Natural Glass + Surface Cleaner:</u>

ethanol, colorant, fragrance, and potassium citrate.

h)  <u>Method Naturally Derived Foaming Bathroom Cleaner:</u>

citric acid, and lauryl glucoside, ethanol, fragrance, methylisothiazolinone, and sodium citrate.

i)  <u>Method Naturally Derived 4x Concentrated Laundry Detergent:</u>

benzisothiazolinone, distyrylbiphenolsulfonate, fragrance, lactic acid, methylisothiazolinone, monoisopropylanolamine, phenoxyethanol, polyester, propanediol, and sodium citrate.

j)  <u>Method Naturally Derived Dish + Hand Soap:</u>

citric acid, ethanol, fragrance, glycerin, methylisothiazolinone, and methylchoroisothiazolinone.

k)  <u>Method Natural Power Foam Dish Soap:</u>

benzisothiazolinone, citric acid, colorant,  ethanol, ethyl glycerin acetal levulinate, methylisothiazolinone, and potassium citrate.

l) <u>Method Natural Pure Naked Moisturizing Body Wash:</u>

benzyl alcohol, citric acid, cocamide MIPA, and glycol distearate.

m) <u>Method Naturally Derived Nourishing Hand Wash:</u>

allantoin, butylene glycol, fragrance, fructose, citric acid, glycol distearate, glycerin, maltose, methylisothiazolinone, methylchloroisothiazolinone, pentylene glycol, sodium lactate, sodium PCA, trehalose, urea.

n) <u>Method Natural, Gel and Foaming Body Wash:</u>

citric acid, colorant, fragrance, methylisothiazolinone, methylchloroisothiazolinone, propanediol, sodium citrate, and tocopheryl acetate.

o) <u>Method Naturally Derived Body Wash:</u>

citric acid, colorant, caprylhydroxamic acid, caprylyl glycol, and fragrance.

p) <u>Method Natural Dish Pump:</u>

ethanol, colorant, citric acid, fragrance, methylisothiazolinone, and methylchoroisothiazolinone.

q) <u>Method Fabric Softener:</u>

ethanol, citric acid, dicocoylethyl hydroxyethylmonium

methosulfate and propylene glycol, glycerin, fragrance, methylisothiazolinone,

methylchoroisothiazolinone and PPG-2 methyl ether.

23.     Reasonable consumers, including Plaintiff, expect a product that is labeled or advertised as being "Natural" and/or "Naturally Derived" to be free from synthetic ingredients.

24.     Contrary to Defendants' material representations and omissions made on the labels and in advertising, the Products contain ingredients which are artificial, synthetic, and/or highly processed.

25.     Defendants knew or should have known that these representations were deceptive, false, and misleading.

26.     The difference between the Products promised and the Products sold is material. The synthetic and artificial ingredients significantly diminish the value of the Products.

27.     At all relevant times, Defendants directed the above-referenced claims regarding the natural content of the Products to consumers in general and Class members in particular, as evidenced by their eventual purchases of the Products.

28.     Defendants knowingly or negligently employ a marketing strategy designed to deceive consumers.  Defendants' misleading claims have stimulated sales and enhanced Defendants' profits.

## CLASS ALLEGATIONS

29.     Plaintiff brings this action individually and as a class action under Federal Rule of Civil Procedure 23 on behalf of a Class consisting of: All persons in the United States who purchased the Products for personal use and not for resale.

30.     Plaintiff Daughtery also seeks to represent a New York Subclass consisting of all Class members who purchased the Products in New York.

31.     Excluded from the Classes are Defendants' affiliates parents, subsidiaries, employees, officers, agents, and directors.  Also excluded are any judicial officers presiding over this matter and the members of their immediate families and judicial staff.

32.     Class certification of Plaintiff's claim is appropriate because Plaintiff can prove the elements of his claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

33.     **Numerosity – Federal Rule of Civil Procedure 23(a)(1).**  The members of the Class are so numerous that joinder of their claims in a single action would be impracticable.  On information and belief, Class members number in the thousands or millions.  The precise number of Class members and their addresses are presently unknown to Plaintiff, but may be ascertained from Defendants' books and records, the books and records of retailers of the Products, and receipts, other proof of purchase, or actual Products possessed by Class members.

34.     Class members may be notified of the pendency of this action by mail, email, internet postings, and/or publication.

35.     **Commonality and Predominance – Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).**  Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members.  Such common questions of law or fact include:

      a.  Whether the marketing, advertising, packaging, labeling, and other promotional materials for the Products are deceptive, false, and/or misleading;

      b.  Whether Defendants' actions violated the New York General Business Law §§ 349 and 350;

      c.  Whether Defendants were unjustly enriched at the expense of the Plaintiff and Class members;

      d.  Whether Plaintiffs are entitled to damages and/or equitable relief.

36.     Defendants engaged in a common course of conduct giving rise to the causes of action asserted by Plaintiff on behalf of himself and the other Class members.  Similar or identical statutory and common law violations, business practices, and injuries are involved.

Individual questions, if any, pale by comparison, in both quality and quantity, to the numerous common questions that dominate this action.

37.     **Typicality – Federal Rule of Civil Procedure 23(a)(3).**  Plaintiff's claims are typical of the claims of the other members of the Classes because, among other things, all Class members were comparably injured through Defendants' uniform misconduct described above. Further, there are no defenses available to Defendants that are unique to Plaintiff or individual Class members.

38.     **Adequacy of Representation – Federal Rule of Civil Procedure 23(a)(4).** Plaintiff is an adequate Class representative because his interests do not conflict with the interests of the other Class members he seeks to represent.  He has retained counsel competent and experienced in complex class action litigation, and they will prosecute this action vigorously. Class Member' interests will be fairly and adequately protected by Plaintiff and his counsel, as evidenced by the thorough investigation detailed in this Complaint.

39.     **Insufficiency of Separate Actions – Federal Rule of Civil Procedure 23(b)(1).** Absent a representative class action, Class members would continue to suffer the harm described herein, for which they would have no effective remedy.  Even if separate actions could be brought by individual consumers, the resulting multiplicity of lawsuits would cause undue hardship and expense for both the courts and the litigants, as well as create a risk of inconsistent rulings and adjudications that might, as a practical matter, be dispositive of the interests of similarly situated purchasers, substantially impeding their ability to protect their interests while establishing incompatible standards of conduct for Defendants.   The proposed Class thus satisfies the requirements of Fed. R. Civ. P. 23(b)(1).

40.    **Declaratory and Injunctive Relief – Federal Rule of Civil Procedure 23(b)(2).** Defendants have acted or refused to act on grounds generally applicable to Plaintiff and the other Class members, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the Class as a whole.

41.    **Superiority – Federal Rule of Civil Procedure 23(b)(3).**   A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and the other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendants, so it would be impracticable for Class members to individually seek redress for Defendants' wrongful conduct.  Even if Class members could afford individual litigation, the court system could not.  Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system.  By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## CAUSES OF ACTION

### COUNT I

**Deceptive Acts or Practices, New York Gen. Bus. Law § 349**

**(On Behalf of the New York Subclass)**

42.    Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

43.     This claim is brought by Plaintiff individually and on behalf of the New York Subclass.

44.     Defendants' misrepresentations and omissions of material fact as alleged herein constitute unlawful and unfair business practices in that they deceived Plaintiff and the Class into believing that the Defendants' Products were "Natural" and/or "Naturally Derived."

45.     The foregoing deceptive acts and practices were directed at consumers.

46.     The foregoing deceptive acts and practices are misleading in a material way because they fundamentally misrepresent the characteristics, qualities, and benefits of the Products to induce consumers to purchase the Products.

47.     Plaintiff and the other members of the New York Subclass who purchased Defendants' Products suffered a substantial injury as alleged herein. Plaintiff and the other members of the New York Subclass who purchased Defendants' Products had no way of reasonably knowing that the Products they purchased were not as marketed, advertised, packaged, and labeled.  Thus, they could not have reasonably avoided the injury each of them suffered.

48.     Defendants have willfully and knowingly violated GBL §349 because, in order to increase their own profits, Defendants intentionally engaged in deceptive and false advertising, and misrepresentations and the omission of material facts regarding the nature of the ingredients in the Products.

49.     As a result of Defendants' deceptive and misleading acts, Plaintiff and the Class have been injured because they purchased the Products as misrepresented by Defendants and without full disclosure of the material facts discussed above.

50.     Had Plaintiff and the Class known the truth about the Products, they would not have purchased the Products or would not have been willing to pay the premium price Defendants charged for the Products.

51.     As a result, pursuant to GBL § 349, Plaintiff seeks to enjoin the unlawful acts and practices described herein, to recover his actual damages or fifty dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees.

<u>COUNT II</u>

**False Advertising, New York Gen. Bus. Law § 350**

**(On Behalf of the New York Subclass)**

52.     Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

53.     This claim is brought by Plaintiff individually and on behalf of the New York Subclass.

54.     Defendants' misleading marketing, advertising, packaging, and labeling of their Products is false advertising likely to deceive a reasonable consumer.  Indeed, Plaintiff and the other New York Subclass members were deceived into believing that the Defendants' Products were "Natural" and/or "Naturally Derived."

55.     Based on the foregoing, Defendants have engaged in consumer-oriented conduct that is deceptive or misleading in a material way which constitutes false advertising in violation of Section 350 of the New York General Business Law.

56.     Defendants' misleading and deceptive misrepresentations of fact, including the false and misleading statements included on Products' packaging and other marketing materials, were and are directed at consumers.

57.     Defendants' misleading and deceptive misrepresentations of fact were likely to mislead a reasonable consumer acting reasonably under the circumstances.

58.     Defendants' misleading and deceptive misrepresentations of fact have resulted in consumer injury and/or harm to the public interest.

59.     Defendants have violated, and continue to violate, § 350 of the New York General Business Law, which makes false advertising unlawful. As a direct and proximate result of Defendants' violation of § 350, Plaintiff and other members of the New York Subclass have suffered damages in an amount to be determined at trial.  Had Plaintiff and the Class members known the true facts, they would not have purchased the Products or would not have been willing to pay the premium price Defendants charged for the Products.  Plaintiff and New York Subclass members suffered an ascertainable loss caused by Defendants' misleading and deceptive misrepresentations of fact because they purchased the Products and paid more for the Products than they would have paid had they known the truth about the Products.

60.     On behalf of himself and other members of the New York Subclass, Plaintiff seeks to enjoin the unlawful acts and practices described herein, to recover his actual damages or five hundred dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees.

## **COUNT III**

### **Unjust Enrichment**

### **(On Behalf of the Class)**

61.     Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

62.     Plaintiff, on behalf of himself and Class members, brings a common law claim for

unjust enrichment.

63.    Plaintiff and the other members of the Class conferred benefits on Defendants by purchasing the Products.

64.    Defendants have been unjustly enriched in retaining the revenues derived from the purchases by Plaintiff and the other members of the Class of the Products.  Retention of those monies under these circumstances is unjust and inequitable because Defendants' labeling of the Products was misleading to consumers, which caused injuries to Plaintiff and the other members of the Class because they would not have purchased the Products or would not have been willing to pay the premium price Defendants charged for the Products if the true facts had been known.

65.    Because Defendants' retention of the non-gratuitous benefits conferred on them by Plaintiff and the other members of the Class is unjust and inequitable, Defendants must pay restitution to Plaintiff and the other members of the Class for their unjust enrichment, as ordered by the Court.

## <u>REQUEST FOR RELIEF</u>

WHEREFORE, Plaintiff, individually and on behalf of the Class proposed in this Complaint, respectfully requests that the Court enter judgment as follows:

A.    Declaring that this action is a proper class action, certifying the Class and New York Subclass requested herein, designating Plaintiff as Class Representative and appointing the undersigned counsel as Class Counsel;

B.    Declaring Defendants' conduct violates the statutes referenced herein;

C.    Ordering Defendants to pay actual damages to Plaintiff and the other members of the Class;

D.    Ordering Defendants to pay statutory damages, as provided by the applicable

consumer protection statutes invoked above, to Plaintiff and the other members of the Class;

E.    Ordering Defendants to pay restitution and all other forms of equitable monetary relief;

F.    Enjoining Defendants from continuing the unlawful practices detailed herein;

G.    Ordering Defendants to pay attorneys' fees and litigation costs;

H.    Ordering Defendants to pay both pre- and post-judgment interest on any amounts awarded; and

I.    Ordering such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: October 7, 2016                       Respectfully submitted,

                                             **O'CONNELL & ARONOWITZ, P.C.**

                                             By:  s/ Jeffrey J. Sherrin
                                             Jeffrey J. Sherrin (102601)
                                             54 State Street, 9th Floor
                                             Albany, New York 12207
                                             Telephone: (518) 462-5601
                                             Facsimile: (518) 462-2607
                                             Email: jsherrin@oalaw.com

                                             **LEVI & KORSINSKY LLP**
                                             Lori G. Feldman
                                             30 Broad Street, 24th Floor
                                             New York, New York 10004
                                             Telephone: (212) 363-7500
                                             Facsimile: (212) 363-7171
                                             Email: lfeldman@zlk.com

                                             *Attorneys for Plaintiff*

23